[No. 1835.]

### ALLEN HARRIS *v.* THE STATE.

THEFT — POSSESSION OF PROPERTY UNDER CLAIM OF RIGHT — FACT CASE.— It is a settled rule that, " where the goods were taken under a claim of right, if the prisoner appears to have had any fair color of title, or if the title of the prosecutor be brought into doubt at all, the court will direct an acquittal, it being improper to settle such disputes in the form of process affecting men's lives and liberties or reputation." See the opinion *in extenso* for evidence *held* insufficient to support a conviction for cattle theft, because, if preponderating either way, it supports the defendant's title to the alleged stolen animal.

APPEAL from the District Court of Bowie. Tried below before the Hon. B. T. Estes.

The conviction in this case was for the theft of a cow, the property of E. H. Moore. The punishment assessed against the appellant was a term of two years in the penitentiary.

The testimony in the case is sufficiently summarized in the opinion.

The transcript brings up no brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    There is but one witness for the State who pretended to identify the cow as the property of Eli Moore, the alleged owner, and he said he knew her by the flesh marks.   On the other hand there are witnesses for defendant who are equally as positive that the cow was not Eli Moore's but defendant's.   Eli Moore's mark was a crop off and two splits in each ear.   The cow in question had a crop off both ears, two splits in one and but one in the other ear.   Defendant claimed, all the time, that he had bought the cow, and he proved a purchase and bill of sale, by one of his witnesses.   When the cow was demanded of him as the property of Moore, he positively refused to give her up, claiming her as his own, and that he had bought her.   So far as his claim to the cow and his possession of her was concerned, it appears always to have been open, public, notorious, and under a claim of purchase and right.   To say the most of it, the evidence of defendant's guilt is inconclusive and unsatisfactory, and to our minds preponderates in defendant's favor as to the ownership of the cow.

The rule is well established that, "where the goods were taken under a claim of right, if the prisoner appears to have had any fair color of title, or if the title of the prosecutor be brought into doubt at all, the court will direct an acquittal, it being improper to settle such disputes in the form of process affecting men's lives and liberties or reputation." (*Evans* v. *The State*, 15 Texas Ct. App., 31; *Smith* v. *The State*, 42 Texas, 444.)

Because the evidence is insufficient to support the verdict and judgment, the judgment is reversed and cause remanded.

*Reversed and remanded.*

[Opinion delivered November 19, 1884.]